IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| MARMC TRANSPORTATION, INC., ) | Case No. 10-20653 | |
| ) | Chapter 11 | |
| Debtor. ) | | |
| ) | | |
| KRUSE ENERGY & EQUIPMENT, LLC, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Adv. No. 11-2025 | |
| ) | | |
| MARMC TRANSPORTATION, INC., ) | | |
| ) | | |
| Defendant. ) | | |

FILED
2:35 pm, 1/25/13
Tim J. Ellis
Clerk of Court

## OPINION GRANTING MOTION FOR SUMMARY JUDGMENT FILED BY KRUSE ENERGY & EQUIPMENT

On December 20, 2012, this matter came before the court on the Motion for Summary Judgment filed by Kruse Energy & Equipment, LLC ("Kruse") and the Objection filed by MarMc Transportation, Inc. ("MarMc"). At the conclusion of the hearing the court took the matter under advisement. Upon review of the record, pleadings and arguments of the parties, the court shall grant the motion.

Kruse seeks a judgment on its first claim for relief, breach of contract, seeking damages in the amount of $300,000.00. MarMc asserts multiple defenses: (1) that the contract was not breached; (2) that MarMc is excused from performance under the contract; (3) the Supremacy Clause of the Constitution excuses MarMc's performance; (4) the compensation sought by Kruse is not supported by 11 U.S.C. §§ 328 or 330; (5) Kruse has

not met its burden in establishing damages; and, (6) the contract is ambiguous.

<u>Uncontested facts</u>

The court set out the uncontested facts in the Order Denying Defendant's Motion for Partial Summary Judgment entered on November 26, 2012:

> "MarMc filed its chapter 11 bankruptcy petition on June 3, 2010. On January 31, 2011, MarMc filed the following motions: (1) Motion to Employ Auctioneer ("Motion to Employ"); (2) Debtor's Motion for Order Authorizing the Auction Sale of Personal Property ("Sale Motion"); and, (3) Motion to Shorten Time to Object to Motion to Employ Auctioneer and Order Authorizing the Auction Sale of Personal Property. MarMc asserted that it needed to immediately retain Kruse for the purpose of selling the majority of MarMc's rolling stock at an auction to be held in Casper, Wyoming on March 16-17, 2011. The court granted the motion to shorten the time for parties to object to the Sale Motion and the Motion to Employ, scheduling the matters for telephonic hearings on February 8, 2011. The United States Trustee ("UST") having previously filed a Motion to Convert the case to a chapter 7 bankruptcy, objected to both motions. Thereafter, the court scheduled evidentiary hearings for February 17, 2012, on the following motions: (1) Sale Motion; (2) Motion to Employ; and, (3) UST's Motion to Convert. At the hearings, the court heard testimony of the urgency in which Kruse should be employed and the auction allowed to proceed. After the hearings, the court (1) denied the UST's Motion to Convert; and, (2) granted MarMc's Sale Motion and Motion to Employ.
> On March 3, 2011, MarMc filed its Motion to Alter or Amend Order Granting Debtor's Motion to Employ Auctioneer and Order Granting Debtor's Motion for Order Authorizing the Sale of Personal Property.[1] On March 11, 2011, Debtor filed (1) Amended Motion to Alter or Amend Order Granting Debtor's Motion for Order Authorizing the Sale of Personal Property ("Amended Motion to Alter Sale Order); and, (2) Amended Motion to Alter or Amend Order Granting Debtor's Motion to Employ Auctioneer ("Amended Motion to Alter Employment Order") (collectively referred to as "Amended Motions to Alter"). Kruse filed its Objection to the Amended Motion to Alter on March 25, 2011, after the auction sale was scheduled and actually held. MarMc filed its response to Kruse's objection on that same

---

[1] Debtor initially filed the two matters under one motion. After a compliance order was entered the two matters were separated into two motions.

Page 2

date.

Neither Kruse nor MarMc filed a motion to shorten the time to object or request an emergency hearing on the Amended Motions to Alter prior to the actual auction sale date. Kruse held the auction sale, without the inclusion of MarMc's rolling stock. The court held hearings on the Amended Motions to Alter on April 19, 2011 and entered orders finding that the motions were moot as the auction had been concluded. Subsequently, MarMc filed its Motion to Sell Property Free and Clear of Liens Outside the Ordinary Course, and ultimately sold the property that was initially going to be sold at auction by Kruse.

Thereafter, Kruse filed an application for the allowance of an administrative expense. MarMc objected to the application. Thereafter, Kruse filed its adversary complaint alleging: (1) breach of contract; (2) fraud; and, (3) declaratory relief."[2]

## Discussion

A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file and any affidavits show that there is not a genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[3] The Court should determine what facts are not genuinely at issue by examining the pleadings and evidence before it and by interrogating the attorneys. The Court should issue an order specifying what facts, including items of damages or other relief, are not genuinely at issue.[4] Under Rule 56(c) summary judgment

---

[2] Order Denying Defendant's Motion for Partial Summary Judgment entered on November 26, 2011; Adversary Case No. 11-02025 (Docket No. 68).

[3] *Hardy v. SF. Phosphates Ltd., Co.*, 185 F.3d 1076, 1079 (10th Cir. 1999).

[4] Fed. R. Civ. P. 56.

is proper only if the evidence, reviewed in the light most favorable to the party opposing the motion, demonstrates no genuine issue of any material fact.[5] A material fact is one that could affect the outcome of the suit, and a genuine issue is one where the evidence is such that a reasonable jury could return a verdict for the nonmoving party.[6] The court views the evidence in light most favorable to the nonmoving party, but that party cannot rest on the mere allegations in its pleadings and must come forward with evidence to raise a genuine issue.[7]

The court's review of the Auction Agreement ("Agreement"), reflects that "this contract shall be construed in accordance with and governed by the laws of the State of Wyoming." The Agreement was approved by this court. Therefore, the court will apply Wyoming contract law.

In interpreting contracts, under Wyoming law, the Wyoming Supreme Court held,

> "The primary goal is to determine the intention of the parties from a close reading of the document language and by interpreting the terms of the document according to their plan and ordinary meaning. Determination of the parties' intentions requires common sense and good faith; it also requires consideration of the context within which the contract was made. If necessary, the reviewing court may also look to the circumstances surrounding the contract, as well as its subject matter and the purpose of the contract to glean the intent of the agreement. Any examination of the context within which the contract was drawn is limited to ascertaining the intent of the parties in making the agreement. The context cannot be

---

[5] *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 976 (10th Cir. 1995).

[6] *Farthing v. City of Shawnee, Kan.*, 39 F.3d 1131, 1134 (10th Cir. 1994).

[7] *Id.*

Page 4

invoked to contradict the clear meaning of the language used, and those extraneous circumstances do not justify a court in proceeding to insert therein a provision other than or different from that which the language used clearly indicates, and thereby, in effect make a contract for the parties."[8]

The Wyoming Supreme Court also stated,

"...the language of the parties expressed in their contract must be given effect in accordance with the meaning which the language would convey to reasonable persons at the time and place of its use. The contract as a whole should be considered, taking into consideration the relationship between the various parts. Courts may consider the circumstances surrounding execution of the agreement to determine the parties' intention, even in reviewing unambiguous contracts."[9]

The court's review of the plain language of the Agreement reflects that MarMc granted Kruse the "exclusive right and authority to sell, at auction, property described below." The property to be sold was described as "trucks, trailers, lowboys and cranes belonging to MarMc Transportation." Additionally, the Agreement stated, "MarMc shall not withdraw all or any portion of the property without the prior written consent of Kruse." MarMc does not contest that Cindy Richardson ("Richardson"), vice president of MarMc, executed the Agreement on behalf of MarMc.

The court finds that the contract is unambiguous. The court's interpretation of the plain language of the Agreement appears that the parties agreed to the terms of the contract. The court after hearing the testimony from MarMc and Kruse approved the

---

[8] *Berthel Land and Livestock v. Rockies Express Pipeline LLC et al.*, 2012 WY 52; 275 P.3d 423, 430 (Wyo. 2012).

[9] *Id.*

Agreement and Kruse's retention. MarMc breached that agreement upon withdrawing its equipment from the scheduled auction.

The context in which the Motion to Employ and Sale Motion were presented to the court, reflected that MarMc agreed to the terms and conditions of the Agreement. MarMc moved this court for approval to retain Kruse and hold the sale of the property. The testimony presented at the hearings reflected that MarMc had full faith in Kruse to conduct the sale and receive the best prices for the assets. Ms. Richardson testified and advocated for the court's immediate approval of the retention of Kruse based upon Kruse's reputation and experience in auctioning oilfield equipment, the set up of the auction as a video auction to provide for vast marketing of the assets, the favorable terms of the contract, i.e. the assets would not be moved from MarMc's property to facilitate the sale, the terms of payment reflect that Kruse would receive approximately a 10% commission if the sales reached three million which is below the industry standards and Kruse's willingness to accommodate the UST's demands. Ms. Richardson testified about her unsuccessful attempts at procuring investors and potential purchasers. The court finds the contract was unambiguous and there was a meeting of the minds between the parties as to its terms.

The court also finds that as MarMc did not provide its assets to be sold at the auction, and did not obtain written approval, as reflected in the contract to withdraw its assets. MarMc breached the contract.

As to determining damages, the Wyoming Supreme court stated,

"In an action for breach of contract, the damages awarded are designed to put the plaintiff in the same position as if the contract had been performed. The plaintiff carries the burden of producing sufficient evidence to prove its damages with a reasonable degree of certainty. Damages must be proven with a reasonable degree of certainty and a court may not resort to speculation or conjecture in determining the proper amount to award."[10]

Pursuant to the terms of the Agreement, Kruse was to be paid a commission in the amount of $300,000.00 of the gross profit or 10% which ever amount was less. Kruse agreed to pay all expenses of the auction. Kruse is seeking damages in the amount of $300,000.00. To put Kruse in the "same position as if the contract had been performed," Kruse carries the burden of producing sufficient evidence to prove its damages with a reasonable degree of certainty. According to the terms of the Agreement, Kruse would have been paid the minimal amount of $300,000.00 if the auction would have been completed. There is nothing speculative about determining this amount as it is clearly and unambiguously stated in the Agreement.

MarMc asserts the remaining defenses: (2) that MarMc is excused from performance under the contract due to mutual mistake; (3) the Supremacy Clause of the Constitution excuses MarMc's performance; (4) the compensation sought by Kruse are not supported by 11 U.S.C. §§ 328 or 330.

Mutual Mistake

MarMc argues that it is excused from performance under the agreement due to

---

[10] *Id* at 433.

mutual mistake. The Wyoming Supreme Court found that when a mistake in writing is claimed, the party claiming mistake must prove that the contract as written does not contain the agreement entered into between the parties; that the mistake was mutual and it did not occur from the negligence of the party claiming it.[11] MarMc argues that the parties entered into an agreement with the understanding that the auction would attain the best price for MarMc's rolling stock. Kruse valued the assets and estimated that the sale would produce proceeds of $3.4 million to $4 million. However, MarMc realized a substantially larger sale price through its private sale, therefore there was a mutual mistake and MarMc is excused from performance of the contract. This court disagrees. The agreement, as written, contained the agreement between MarMc and Kruse. The difference in proceeds retained from a sale whether higher or lower, was specifically addressed and agreed to by the commission that Kruse was to receive, i.e. the amount of $300,000.00 or 10% commission. The court finds that there was not a mutual mistake that excused MarMc's performance.

Kruse's compensation must be supported by §§ 328 or 330

This court previously determined that whether Kruse's claim should be characterized as an administrative expense would proceed to trial in the Order Denying Defendant's Motion for Partial Summary Judgment entered on November 26, 2012. The court finds that MarMc's defense, asserting that Kruse's compensation is not supported by §§ 328 and 330

---

[11] *Hansen v. Little Bear Inn Co.*, 9 P.3d 960 (Wyo. 2000)

would be more relevantly addressed at that trial.

<u>MarMc's performance is excused by the Supremacy Clause</u>

The Supremacy Clause of the United States Constitution establishes that the United States Constitution and Federal Statute as the supreme law of the land, mandating that state judges must follow federal law when a conflict arises between federal law and state law. This court finds that there is not a conflict between the federal bankruptcy law and state law. The parties entered into and agreed upon the application of Wyoming contract law, which this court has applied. Therefore, the court finds that the Supremacy Clause has not been violated.

<u>Conclusion</u>

Based upon the preceding reasoning, the court finds that MarMc breached the Agreement with Kruse and shall be awarded damages in the amount of $300,000.00.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 25 day of January, 2013.

By the Court

_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
   Stephen Winship
   David Tilem
   Patrick Hunter